UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LUMENIS LTD. and LUMENIS INC., <br><br> Plaintiffs, <br><br> v. <br><br> ALMA LASERS LTD. and ALMA LASERS, INC., <br><br> Defendants. | Civil Action No. 07CV3622 |

PLAINTIFF'S OPPOSITION TO ALMA LASERS'
MOTION TO COMPEL DOCUMENT PRODUCTION DATE

Plaintiff, Lumenis Inc. ("Lumenis"), respectfully submits this opposition to Alma Lasers, Inc.'s Motion to Compel Document Production Date (Docket Nos. 194-195) because Alma Lasers, Inc. ("Alma") has not satisfied its obligation to meet-and-confer in accordance with Local Rule 37.2. For the reasons set forth below, Lumenis requests the Court to deny Alma's motion or to strike it in its entirety.[1/]

BACKGROUND

On October 13, 2009, the Court lifted the stay on Lumenis' trade secret claims and ordered that "discovery on those claims shall commence immediately." See Ex. B. In response to the Court's Order, both Lumenis and Alma served respective sets of documents requests in October 2009. As of the time of the December 8, 2009 "meet-and-confer" referred to in Alma's

---

[1/] This is not the first time Defendants have failed to comply with Local Rule 37.2. Indeed, on December 19, 2007, the Court denied Defendants' motion for sanctions on the basis that Defendants did not comply with Local Rule 37.2. See Ex. A.

motion, Lumenis had produced over 40,000 pages of information to Alma, and Alma had produced nothing to Lumenis.

Three days after that meet-and-confer, Alma proposed for the first time that the parties exchange documents on January 31, 2010. See Ex. C. Alma requested Lumenis' response to this proposal by December 16, 2009. See id. Based on Alma's scant production to date, Lumenis responded by requesting a meet-and-confer to discuss setting a mutually agreeable production date. See Ex. D, p. 5 (Issue No. 4). Regarding availability to meet-and-confer, Lumenis' counsel stated that he would be "generally available during business hours next Monday through Wednesday (December 21-23)" and that he would be "also available 9:00 a.m. to 12:00 p.m. next Thursday (December 24)." See id, p. 6.

Alma responded on December 17, 2009 and indicated that it was available to meet-and-confer on Tuesday, December 22, 2009 at 3:30 p.m. See Ex. E. Alma expressly, but misleadingly as is now apparent, agreed to meet-and-confer to target and select a realistic date for mutual completion of document production. See id. Thus, a meet-and-confer has been agreed-to by Alma and scheduled for December 22, 2009. Alma should not, via its present motion, be permitted to circumvent the meet-and-confer requirement that it has already agreed to.

Further, Alma's present motion is nothing more than a knee-jerk reaction to the motion to compel filed by Lumenis during business hours on December 18, 2009. Lumenis' motion requests the Court to compel production of a specific subset of documents for use in the imminent deposition of Alma's former CEO, Mr. Howard Kelly to be taken on December 22, 2009. See Docket Nos. 191-192. Alma did not file the present motion until after business hours

on Friday, December 18, 2009 (7:51 p.m. CST) and after Alma had agreed to meet-and-confer on the subject matter of its motion on December 22, 2009.

Lumenis has not refused to set a date certain by which it will complete document production. To the contrary, and as the written agreement to meet-and-confer plainly indicates, the sides were planning to discuss the issue on December 22, 2009 at 3:30 p.m. See Exs. C and D. Lumenis notes, however, that setting a date certain by which the parties expect to complete document production does not circumvent the ongoing duty under the Federal Rules to supplement document production.

Alma's motion to compel is an obvious attempt to bootstrap an issue to Lumenis' motion to compel. Alma should not be permitted to circumvent its meet-and-confer obligations. Nor should Alma be permitted to create an issue where none presently exists. Alma's motion to compel is premature and should be denied. Alternatively, it should be stricken for failing to comply with Local Rule 37.2.

## CONCLUSION

For the reasons set forth above, Lumenis requests that Alma's motion to compel (Doc. Nos. 194-195) be denied. Alternatively, Lumenis request that it be stricken.

Respectfully submitted,

LUMENIS INC.

Dated: December 21, 2009 By: /s/ Annette M. McGarry
Annette M. McGarry (6205751)
Marianne C. Holzhall
McGarry & McGarry, LLC
120 North LaSalle Street
Suite 1100
Chicago, Illinois 60602
Telephone: (312) 345-4600
Facsimile: (312) 345-4601
amm@mcgarryllc.com

Of Counsel

Paul J. Hayes
Robert R. Gilman
MINTZ LEVIN COHN FERRIS GLOVSKY
   AND POPEO, P.C.
One Financial Center
Boston, MA 02111
Telephone: (617) 542-6000
Facsimile: (617) 542-2241

Richard G. Gervase
MINTZ LEVIN COHN FERRIS GLOVSKY
   AND POPEO, P.C.
Chrysler Center
666 Third Avenue
New York, NY 10017
Tel:    (212) 692-6800
Fax:    (212) 983-3115

Attorneys for Plaintiff
Lumenis Inc.

## CERTIFICATE OF SERVICE

      I hereby certify that today I caused a copy of the foregoing to be filed electronically with the Clerk of the Court using the CM/ECF system which will automatically send notification of such filing via electronic mail to counsel of record.

                              /s/ Annette M. McGarry

4795253