# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon J. Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 3622 | **DATE** | 4/19/2013 |
| **CASE TITLE** | Lumenis Ltd, et al vs. Alma Lasers Ltd, et al | | |

**DOCKET ENTRY TEXT**

Lumenis' Motion for an Order Regarding the Confidentiality of Documents [354, 356, 357] is granted.

■[ For further details see text below.]      Notices mailed by Judicial staff.

## STATEMENT

Lumenis Ltd. and Lumenis, Inc. (collectively "Lumenis") have filed a fourth motion seeking modification of the protective order and for use in the Israeli action of material designated as confidential in this case. Alma Lasers, Ltd. and Alma Lasers, Inc. (collectively "Alma") again objects. The specific material at issue is the deposition of Nadav Bayer, one of the founders of Alma and a former employee of Lumenis' predecessor, ESC Corporation. Lumenis is seeking an Order from this Court (1) that the Protective Order does not prohibit Alma or the founders from disclosing information designated by Alma as protected; (2) that the Protective Order does not prohibit Lumenis from using such material in the Israeli actions; and (3) that the Protective Order does not prohibit Lumenis from using portions of the Bayer deposition in the Israeli actions.

The first issue is easily disposed of – Alma is free to voluntarily disclose any information it chooses to even if Alma previously designated the material confidential. In effect, Alma is free to declassify its confidential material and does not need an order from this Court to do so. Paragraph 23 of the Protective

**STATEMENT**

Order provides that "[n]othing herein shall prevent disclosure beyond the terms of this Order *if the party designating the information as PROTECTED INFORMATION consents to such disclosure or if the Court, after notice to all affected parties, orders such disclosure*." (Dkt. 38 at ¶23). If Alma were to voluntarily declassify Bayer's deposition, then of course nothing in the Protective Order would prevent the use of that deposition.[1]

The Protective Order expressly states that information subject to the Protective Order "shall not be used by the receiving party for any purpose other than in connection with this litigation unless such designation is removed by agreement of Trial Counsel or by Order of the Court…". (Dkt. 38 at ¶ 16). Indeed, the entire document only contemplates use of the information in this case. It delineates how protected information may be used "in this action." (*See* Dkt. 38 at ¶ 13). Paragraph 24 states that "[t]he entry of this Protective Order shall not be construed as a waiver of any right to object to the furnishing of PROTECTED INFORMATION in response to discovery or to object to a requested inspection of documents or things, and, except as expressly provided, shall not relieve any party of the obligation of producing information in the course of discovery. The Protective Order shall not impact or control the use of PROTECTED INFORMATION during any trial *in this action*." (Emphasis added) (Dkt. 38 at ¶ 24). The last paragraph in the Protective Order states, "If at any time PROTECTED INFORMATION is subpoenaed or otherwise requested by any non-party, court, arbitral, administrative or legislative body, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to every party who has produced such PROTECTED INFORMATION or its counsel to provide such party with *an opportunity to object to the production of confidential materials.*" (Emphasis added) (Dkt. 38 at ¶ 31). Lumenis appears to be seeking to *compel* the production of Bayer's deposition for use in the Israeli action or, put another way, an *exception* to the protective order.

In analyzing the application of 28 U.S.C. § 1782(a), governing requests for assistance to foreign tribunals and litigants before such tribunals, courts have found the term "for use in" does not require the

**STATEMENT**

material request to be discoverable or admissible in the foreign jurisdiction. *See Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S. 241, 260 (2004); *Fleischmann v. McDonald's Corp.*, 466 F.Supp.2d 1020 (N.D. Ill. 2006) (collecting cases). "'[F]or use in' mirrors the requirements of *Federal Rule of Civil Procedure* 26(b)(1) and means discovery that is relevant to the claim or defense of any party, or for good cause, any matter relevant to the subject matter involved in the foreign action." *Fleischmann,* 466 F.Supp.2d at 1029. However, this is not simply a matter of discovery. Lumenis is seeking an Order from this Court removing the designation of "confidential" or "protected" information from the deposition.

The party requesting modification of a protective order has the burden of proving good cause for its proposed modification. *Murata Mfg. Co. Ltd. v. Bel Fuse, Inc.,* 234 F.R.D. 175, 179 (N.D. Ill. 2006). Courts apply four factors when considering modification of a protective order: "(1) the nature of the protective order; (2) the foreseeability, at the time of issuance of the order, of the modification requested; (3) the parties' reliance on the order; and most significantly (4) whether good cause exists for the modification." *Chicago Mercantile Exchange v. CME Group, Inc.*, 276 F.R.D. 237 (N.D. Ill. 2011). "Once a protective order is entered, a party must continue to show good cause for confidentiality when challenged." *Id.* at 240 (citing *In re Bank One Sec. Litig.*, 222 F.R.D. 582, 586 (N.D. Ill. 2004); *Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000)). A protective order may be modified or dissolved and the information unsealed, if a party fails to justify the ongoing concealment of the information. *Id.*

Lumenis argues that the portions of Bayer's deposition that it is seeking should not be subject to the Protective Order because the information about the alleged theft of trade secrets took place before Bayer left Lumenis and Alma cannot claim such information is proprietary. Lumenis also argues that any right to confidentiality has been waived because the deposition discusses the same subject as Bayer's July 2012 affidavit, which is not confidential. Further, Lumenis claims that its compelling need to use the protected information for impeachment purposes in the Israeli litigation creates good cause for modifying the Protective Order. Alma objects to the production of Bayer's deposition for use in the Israeli action because

the Israeli affidavit from Bayer says the same things as the deposition and, Alma argues, Lumenis can impeach Bayer with evidence it already has available in the Israeli action.

This Court finds that Lumenis has met its burden to support a modification of the Protective Order to allow use of the Bayer deposition in the Israeli action. First, while this is an agreed and negotiated protective order, it is one that permits the parties to protect select documents that they believe in good faith to contain trade secrets and other confidential commercial information. The Protective Order also expressly allows for this Court to order declassification of information. It is therefore not the most narrowly tailored or the most difficult to modify. *See Murata*, 234 F.R.D. at 179. Second, the foreseeability factor actually weighs in favor of modification, contrary to Alma's assertion. The "foreseeability" factor asks "whether the need for modification of the order was foreseeable at the time the parties negotiated the original stipulated protective order." *Bayer AG and Miles, Inc. v. Barr Laboratories, Inc.*, 162 F.R.D. 456, 466 (S.D.N.Y. 1995). Here, Lumenis' asserted need for the modification stems from Bayer's July 2012 affidavit in which he provided a statement, which Lumenis contends contradicts his earlier deposition. It is unlikely that Lumenis could have foreseen that Bayer would alter his sworn statements about what he did with Lumenis' documents at the time it agreed to the Protective Order. Third, there is no doubt that Alma relied on the Protective Order in providing discovery in the patent litigation. However, Alma undermines its own argument that Bayer gave his deposition testimony in reliance on the assured confidentiality imposed by the Protective Order by asserting that Bayer's sworn statements are the same. Fourth, Lumenis has shown good cause for unsealing the deposition. The terms of the Protective Order provide confidentiality for material used for or pertaining to its business, and information that could cause competitive harm. (*See* Dkt. 38 at ¶¶ 1, 2). The portions of Bayer's deposition that Lumenis seeks to use do not appear to relate to Alma's proprietary information. On the contrary, the testimony concerns material that Bayer may have retained or taken from Lumenis' predecessor entity prior to his role in founding Alma. Lumenis asserts that the impeachment value of the deposition provides good cause to modify the Protective Order. It cites *Omaha Indemnity Co. v. Royal*

**STATEMENT**

*American Managers, Inc.*, 140 F.R.D. 398, 400 (W.D. Mo. 1991), in support of its argument. While the court in that case found that a protective order should not shield a witness from a perjury charge, there the specific issue was whether the sanctity of a civil protective order should be preserved in light of the government's need to gather relevant evidence in a criminal investigation. *See Omaha Indem.*, 140 F.R.D. at 399. Here, there is no criminal charge or investigation and therefore that case is of limited persuasive value. Nevertheless, the fact that Alma contends the deposition contains the same testimony as the affidavit, coupled with the fact that Lumenis has raised doubt as to whether the testimony concerns proprietary information, suggests to this Court that the testimony should be excluded from the Protective Order. Furthermore, Alma has not presented any reason to maintain ongoing confidentiality of testimony, which Alma itself contends is the same as the affidavit, which is not confidential.

     This Court finds that Lumenis has met its burden to modify the Protective Order to exclude the portion of Bayer's deposition concerning whether he took materials when he left Lumenis' employ and what he did with that material. Alma has not shown good cause for the continued concealment of the deposition. This Court expresses no opinion on the issues of whether the deposition is discoverable in the Israeli action or whether and for what purposes it may be used in that action. Such evidentiary issues are for the Israeli court to decide under its own rules. Lumenis' Motion for an Order Regarding the Confidentiality of Documents [354, 356, 357] is granted.

     1. This Court lacks the authority to determine whether and for what purpose Lumenis would be able to use Bayer's deposition in the Israeli action. The admissibility and use of evidence is for that court to decide based on its own rules of evidence.